UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TISA R.[1],

                               Plaintiff,

v.                                                    CASE # 20-cv-01103

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER        KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                       SAMANTHA J. VENTURA, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.           ARIELLA R. ZOLTAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

_____

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on June 7, 1986, and has at least a high school education. (Tr. 60, 173). Generally, plaintiff's alleged disability at the time of application consisted of slipped discs in the lower back, sciatic nerve damage, Achilles's tendonitis, bilateral carpal tunnel, nerve damage in bilateral arms and right leg, sleep apnea, high blood pressure, and depression. (Tr. 172). Her alleged onset date of disability was February 13, 2014 but she amended the date at the hearing to December 31, 2015. (Tr. 35, 168). Plaintiff's date last insured is December 31, 2020. (Tr. 154).

### B.      Procedural History

On May 9, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 140-153). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On May 8, 2019, plaintiff appeared before the ALJ, Timothy M. McGuan. (Tr. 31-57). On May 21, 2019, ALJ McGuan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-27). On June 19, 2020 the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2.  The claimant has not engaged in substantial gainful activity since December 31, 2015, the amended onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3.  The claimant has the following severe impairments: obesity (BMI at 65.6); herniated disk; mild left carpal tunnel syndrome and moderate right carpal tunnel syndrome; sleep apnea; Achilles's tendonitis; depression and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except can frequently finger and handle bilaterally. In addition, can frequently interact with others and can do semi-skilled work.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on June 7, 1986 and was 29-years old, which is defined as a younger individual age 18-44, on the amended disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-26).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ relied on stale medical opinion evidence and came to an unsupported RFC. (Dkt. No. 12 at 10 [Pl.'s Mem. of Law).

### B.     Defendant's Arguments

Defendant responds to plaintiff's arguments and contends the ALJ's RFC finding is supported by substantial evidence in the record and plaintiff has not met her burden to prove otherwise. (Dkt. No. 13 at 12, 18 [Def.'s Mem. of Law]).

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff primarily argues the RFC is not supported by substantial evidence because the ALJ relied on a stale opinion and therefore used his own lay opinion in formulating the RFC. (Dkt. No. 16 at 18). Plaintiff does not assert any specific error by the ALJ in the evaluation of mental health impairments but focuses on the physical impairments and related RFC limitations.

Plaintiff's repeated assertions that the ALJ erred because he did not have an opinion to support each limitation in the RFC is without merit. It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

As it pertains to the pivotal issue of whether Dr. Brauer's opinion was stale, plaintiff reiterates that timing does not make it stale, rather the doctor's opinion failed to account for the plaintiff's deteriorating condition thereby making it stale. In this case, the plaintiff did allege carpal tunnel syndrome as a severe impairment at the time of her application and the record contained medical opinion evidence related to the impairment. (Tr. 172). Plaintiff also testified the issues with her hands began in 2013-2014. (Tr. 21 *referring* to Tr. 41). At the consultative examination by Dr. Brauer in 2017, the plaintiff again disclosed a four-year history of carpal tunnel syndrome and she was evaluated for limitations in the upper extremities. (Tr. 288). Upon examination hand and finger dexterity was intact and grip strength was 5/5 bilaterally. (Tr. 291). Dr. Brauer did not opine any manipulative limitations. (Tr. 291). Indeed, subsequent evidence included diagnostic evidence of mild to moderate carpal tunnel syndrome. (Tr. 308). The ALJ properly recognized that electrodiagnostic studies revealed findings consistent with bilateral moderate carpal tunnel syndrome, and limited plaintiff to only occasional lifting and carrying of up to ten pounds and no more than frequent handling and fingering to account for her hand symptoms. (Tr. 23).

Plaintiff asserts the opinion from Dr. Brauer was stale because it was prior to the diagnostic studies showing deterioration. (Dkt. No. 12 at 12). Generally, an opinion issued during a relevant period is not stale. *Andrews v. Berryhill,* No. 17-cv-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018). The opinion of Dr. Brauer was over a year and a half after the amended onset date. (Tr. 288). There is no evidence that the imaging showed a deterioration because the referenced elector diagnostic study was the first one included in the record. Assuming arguendo the plaintiff's increase in treatment was evidence of deterioration, plaintiff continued to be prescribed wrist splints and the only new treatment recommended was injections which had not

taken place at the time of the hearing. (Tr. 310, 317). In the decision, ALJ McGuan thoroughly discussed the EMG and nerve condition studies and orthopedist treatment. (Tr. 21-23).

Indeed, the ALJ found the opinion of Dr. Brauer persuasive[2] but appropriately considered the record as a whole when formulating the RFC and assessing limitations from the carpal tunnel syndrome. In making the RFC finding, ALJ McGuan limited plaintiff to frequent fingering and handling bilaterally, which is greater than the limitations imposed by Dr. Brauer. (Tr. 20). The ALJ thoroughly discussed and evaluated the only examining source opinion from Dr. Brauer and cited additional evidence for why greater limitations were included in the RFC. There is nothing improper in an ALJ evaluating and weighing evidence in this matter. *McLeod v. Berryhill*, Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (quoting *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017); *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018) ("Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." (internal quotation marks and citations omitted)).

The ALJ noted that plaintiff complained of numbness and tingling in her bilateral hands when she saw her orthopedists in September 2017, but her orthopedists found negative Phalen's and Tinel's signs when examining her wrists. (Tr. 22 *referring to* Tr. 330, 332)[3]. The ALJ further

---

[2] Revised regulations regarding the evaluation of medical evidence apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

[3] The Tinel test is used as an indication of peripheral nerve fiber compression or regeneration as is most commonly associated with carpal tunnel syndrome. Tung Ho & Matthew E. Braza, *Hoffmann Tinel Sign*, National Center for Biotechnology Information (Dec. 2, 2020), https://www.ncbi.nlm.nih.gov/books/NBK555934/.

recognized that at a follow-up appointment with primary physician Dr. Reed on May 17, 2018, plaintiff complained of increased pain in her hands since pregnancy and especially when carrying her baby but reported that hand splints were helpful. (Tr. 22 *referring to* Tr. 442). The ALJ discussed that Dr. Reed found decreased handgrip bilaterally and slight swelling in the right hand. (Tr. 22 *referring to* Tr. 442). When plaintiff saw her orthopedists in July 2018, she complained of bilateral hand pain, and reported dropping items and there was evidence of some decreased sensation to light touch in the right upper extremity, but otherwise noted normal neurological findings. (Tr. 323). After the EMG, plaintiff's orthopedists provided a new prescription for bilateral wrist splints, and recommended injections to the bilateral carpal tunnels. (Tr. 310). At an appointment in March 2019, plaintiff reported that her hand pain was worsening and that she was interested in rescheduling her injections. (Tr. 317). Upon examination, plaintiff's orthopedists found some diminished sensation, but did not report other positive findings with respect to her wrists and hands. (Tr. 319). The ALJ noted that at the time of her hearing in May 2019, plaintiff had not yet undergone hand injections. (Tr. 21 *referring to* Tr. 37-38).

As such, ALJ McGuan appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, prescribed treatment and claimant's own descriptions of limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). For plaintiff's upper extremity and back complaints, the ALJ referenced physical examinations findings from 2015 to March 2019 (before and after Dr. Brauer's review) which revealed sporadic and conservative treatment for lower back

---

The Phalen's test is also used to check for carpal tunnel syndrome. *Mercado v. Colvin*, No. 15-CV-2283 (JCF), 2016 WL 3866587, at \*2 n.9 (S.D.N.Y. July 13, 2016) (citing Test, Phalen's, Dorland's Illustrated Medical Dictionary 1896 (32d ed. 2012)).

pain, neck pain and pain/weakness in the hands. (Tr. 21-23; *see* Tr. 300-10, 317-25, 329, 437, 480). *See, e.g., Bamberg v. Comm'r of Soc. Sec.*, No. 18-CV-00337-DB, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (quoting *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted). The ALJ permissibly and appropriately looked to the treatment notes in formulating an RFC without the need for additional medical opinions. *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC).

The opinion by Dr. Brauer was not stale but the ALJ also did not solely rely on it in formulating the RFC. He appropriately looked to the record as a whole and considered the objective findings, improvement of symptoms after treatment, activities of daily living, and statements of physical abilities which showed greater limitations as a result of bilateral carpal tunnel syndrome. Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that her RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *See Poupore*, 566 F.3d at 306.

Plaintiff has not introduced any evidence showing that she was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

      **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is

      **<u>GRANTED</u>**.

Dated: September 24, 2021  
Rochester, New York

                                      *J. Gregory Wehrman*  
                                      HON. J. Gregory Wehrman  
                                      United States Magistrate Judge